POLSTON, C.J.,
concurring in part and dissenting in part.
I concur with the majority’s decision to affirm Oyola’s convictions, but I disagree with the majority’s decision to remand for revision of the sentencing order. Because the majority fails to apply harmless error analysis in assessing the sentencing order, I respectfully dissent.
The trial court’s failure to strictly comply with Campbell v. State, 571 So.2d 415 (Fla.1990), was harmless in this case. See Orme v. State, 25 So.3d 536, 549 (Fla.2009) (“Even though the trial court erred in its treatment of this mitigator, we find the error harmless.”), cert. denied, — U.S. -, 130 S.Ct. 3391, 177 L.Ed.2d 309 (2010); Taylor v. State, 855 So.2d 1, 30 (Fla.2003) (“[EJven if the trial judge erred in rejecting this factor as nonmitigating or in failing to assign it any weight, any error would be harmless, given the minimal amount of mitigation this factor would have provided.”). In its sentencing order, the trial court assigned great weight to each aggravator, slight weight to the non-statutory mitigators, and slight weight to the evidence presented in support of the proposed statutory mitigator. The trial court ultimately concluded that “[t]he aggravating circumstances in this case far outweigh the mitigating circumstances.” In light of the strong aggravators established in this case and the minimal weight assigned to Oyola’s mitigators, any failure to strictly comply with Campbell was harmless.
Accordingly, I would affirm Oyola’s conviction and sentence.
CANADY, J., concurs.